UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA KNAPP and DOUGLAS KNAPP** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:20-694** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **UNITED STATES OF AMERICA,** : | |
| **Defendant** | |

**MEMORANDUM**

Presently before the court is a motion to dismiss filed by the government. (Doc. 3). For the reasons set forth below, the motion will be **GRANTED**, and the Complaint, (Doc. 1-2), **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

The plaintiffs Christina and Douglas Knapp filed a medical malpractice complaint on April 3, 2020, in the Court of Common Pleas for Pike County (the "State Action") against defendants Pike County Family Health Center ("PCFHC") and Eileen Arenson, C.R.N.P. (Doc. 1-2). Thirty-four months prior, on May 26, 2017, the plaintiffs filed a praecipe for writ of summons. In it, the plaintiffs bring negligence and consortium claims arising from allegations that PCFHC and Arenson misdiagnosed Christina Knapp with Lyme disease in

June and July 2015 and incorrectly prescribed doxycycline, causing her to suffer microscopic polyangiitis and chronic kidney disease.

The plaintiffs filed a complaint—nearly identical to the one in the State Action—in this court on July 17, 2018 in *Knapp v. United States*, No. 3:18-cv-1422, ("*Knapp I*"). In *Knapp I*, this court granted the government's motion for summary judgment on February 28, 2020, because plaintiffs failed to present their Federal Tort Claims Act ("FTCA") claims to the Department of Health and Human Services ("HHS") within two years of the accrual of their cause of action on July 15, 2015, in accordance with 28 U.S.C. §2401(b)—i.e., by July 15, 2017. (No. 18-cv-1422, Doc 28). On January 4, 2021, the Third Circuit affirmed. (No. 18-cv-1422, Doc 34).

The plaintiffs then subsequently pursued the State Action that had been pending since the filing of their praecipe for a writ of summons on May 26, 2017, by filing a complaint on April 3, 2020. On April 27, 2020, the government removed the State Action to this court and substituted itself as the defendant in place of the federal defendants. *See* 28 U.S.C. §2679(d). On May 4, 2020, the government filed the instant motion to dismiss, once again arguing that the plaintiffs failed to exhaust administrative remedies. (Doc. 3). On June 8, 2020, the government filed a brief in support. (Doc. 8). On July 13, 2020, the plaintiffs filed their brief in opposition. (Doc. 16). On July 27, 2020, the

government filed a reply brief. (Doc. 17). The motion is now ripe for this court's review.

**I.     STANDARD**

Defendants' motion to dismiss the plaintiffs' Complaint is for lack of subject matter jurisdiction under Fed.R.Civ.P.12(b)(1) and for failure to state a claim under Fed.R.Civ.P.12(b)(6). "When a party moves to dismiss under more than one Rule 12 ground, the Court must first consider the Rule 12(b)(1) challenge, because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *S.D. by A.D. v. Haddon Heights Bd. of Educ.*, 90 F.Supp.3d 326, 334 (D.N.J. 2015) (citation omitted), *aff'd*, 833 F.3d 389 (3d Cir. 2016), *vacated on other grounds*, 137 S.Ct. 2121 (2017).

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F.Supp.2d 532, 537 (M.D.Pa. 2002). The failure to exhaust administrative remedies is a jurisdictional issue and the appropriate device to raise this issue is a motion to dismiss under Rule 12(b)(1). *See Batchelor v. Rose Tree Media School Dist.*, 759 F.3d 266, 271 (3d Cir. 2014). A Rule 12(b)(1) dismissal is not a judgment on the merits, but only a

- 3 -

determination that the court lacks the authority to hear the case. *Swope v. Central York Sch. Dist.*, 796 F.Supp.2d 592, 599 (M.D.Pa. 2011).

An attack on the court's jurisdiction may be either "facial" or "factual" and the "distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack tests the sufficiency of the pleadings, while a factual attack challenges whether a plaintiff's claims fail to comport factually with jurisdictional prerequisites. *Id.* at 358; *see also Haddon Heights*, 833 F.3d 389, 394 n.5 (3d Cir. 2016). An attack on jurisdiction based on a failure to exhaust remedies that is filed prior to answering the complaint is usually, "by definition, a facial attack" on the pleadings unless the defendant has offered factual averments in support of its motion. *Id.*

Here, the government raises a facial challenge to this court's subject matter jurisdiction since it has not yet filed its answer to the complaint and it does not offer competing facts. As such, the court must accept the amended complaint's allegations as true." *Haddon Heights,* 90 F.Supp.3d at 334 (citations omitted).

"Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the

- 4 -

existence of subject matter jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

**II.     DISCUSSION**

The government seeks dismissal of the Complaint, arguing that, as this court previously determined, the plaintiffs did not submit a timely administrative tort claim to the proper federal agency within the applicable two-year statute of limitations, and their attempts to revive their claims by filing the instant Complaint in the separate State Action does not change that result. More particularly, the government notes that the plaintiffs admit their claims accrued by at least July 15, 2015, and that the plaintiffs failed to present their tort claim to HHS by July 15, 2017, as is required by 28 U.S.C. §2401(b). Thus, the government argues that the court should dismiss the plaintiffs' restated claims with prejudice.

In response, the plaintiffs concede that the action must be dismissed for failure to first present their claim to HHS. They disagree, however, with respect to whether the dismissal should be with prejudice. The plaintiffs argue the dismissal must be without prejudice in order to allow them the opportunity to submit their administrative claim to HHS, pursuant to the savings clause of the Westfall Act, 28 U.S.C. §2679(d)(5), which allows them to present their

claim to the appropriate agency within 60 days of dismissal.[1] In other words, the plaintiffs argue the court should dismiss in order to allow them to avail themselves of the savings clause and notify HHS 60 days after dismissal. The plaintiffs contend they will be credited with filing their claims as of May 26, 2017, which is the date they filed the praecipe for a writ of summons in Pike County on May 26, 2017. Pursuant to Pennsylvania Rule of Civil Procedure 1007, the plaintiffs observe that an action is commenced by either the filing of a praecipe for a writ of summons or a complaint. Pa.R.Civ.P.1007. Thus, because they filed the writ on May 26, 2017, within two years of the expiration of the statute of limitations on July 15, 2017, the plaintiffs contend their action would be timely.

In its reply, the government notes the crucial issue here is whether federal or state law determines when an action is "commenced" for statute of limitation purposes. *Compare* Fed.R.Civ.P.3 ("A civil action is commenced by

---

[1] As the Third Circuit observed, "The Westfall Act's savings clause saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court rather than with the appropriate administrative agency." *Knapp v. United States*, __ Fed.App'x__, 2020 WL 6582141, at *2 (3d Cir. 2020). In order for it to apply on the basis that the plaintiffs timely filed in state court, they must have "(1) filed their state court action within two years of the alleged injury; (2) presented their FTCA claim to the correct federal agency within 60 days of the removal and dismissal of the wrongly filed state court action; and (3) if denied by the agency, appealed to a federal district court within six months." *Id.* (citing 28 U.S.C. §§2401(b), 2679(d)).

filing a complaint with the court."), *with* Pa.R.Civ.P.1007 (stating an action may be commenced by filing a praecipe for a writ of summons *or* a complaint).

As noted, in order for the savings clause to apply to the plaintiffs' case, they must have "commenced" the State Action within two years of the alleged injury. If Pennsylvania law applies with respect to commencement, as the plaintiffs argue it should, then the action should be dismissed without prejudice because it was timely commenced on May 26, 2017 via the praecipe. If federal law applies, as the government argues it should, then the dismissal must be with prejudice because the action as not commenced until April 3, 2020, when the plaintiffs filed the Complaint—well outside the statute of limitations.[2]

Although the Third Circuit has not addressed the issue, and district courts in this Circuit have diverged on the subject,[3] the government argues

---

[2] Although perhaps obvious, the plaintiffs' praecipe for writ of summons cannot be considered the equivalent of a complaint for purposes of Fed.R.Civ.P.3, since it is a single-sentence request that is "insufficient to notify the defendant what the action is about." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3rd Cir. 2005) (internal quotation marks omitted).

[3] *See Chladek v. Sterns Transp. Co.*, 427 F.Supp. 270, 275 (E.D.Pa.1977) ("We hold that F.R.Civ.P. 3, and not Pa.C.R.P. 1007, governs in connection with our determination of the time of commencement of the action . . . for purposes of deciding the statute of limitations question before us."); *but see Vail v. Harleysville Group, Inc.*, No. , 2002 WL 32172799, at *3 (E.D.Pa. Sept. 30, 2003) (agreeing that a praecipe filed in state court

the court should follow the Fourth Circuit's decision in *Cannon v. Kroger Co.*, 832 F.2d 303, 305-06 (4th Cir. 1988). In *Cannon*, the plaintiff timely commenced an action under state law via summons mechanism similar to Pennsylvania's praecipe for a writ of summons. After the plaintiff submitted her complaint, the defendants removed the action to federal court, after which the district court dismissed with prejudice as time-barred, reasoning that the statute of limitations was not tolled until the action was "properly commenced" under the Federal Rules of Civil Procedure. *Id.* The Fourth Circuit agreed, stating that "[t]he application of alternative state law procedures [would] inevitably intrude into the balance and threaten the goal of uniform adjudication." *Id.* at 306. The government urges this court to likewise apply federal law with respect to "commencement" of a suit in order to ensure the uniformity desired by Congress.

Therefore, the question is whether to utilize the May 26, 2017 date that the plaintiffs filed the praecipe or the April 3, 2020 date on which the plaintiffs filed the Complaint for purposes of considering when this action was commenced. Sadly, the court must agree with the government that federal

---

commenced an employment discrimination action subsequently removed to federal court).

law should apply and that, as a result, the Complaint is time-barred and must be dismissed with prejudice.

Like the determination of when an FTCA claim accrues, application of federal law to the determination of when an action was commenced is more consistent with the policy objectives of the FTCA, as well as case law on analogous circumstances. *See Tyminski v. United States*, 481 F.2d 257, 263 (3d Cir.1973) ("[A] rule requiring federal courts to look to state law for determining when a claim accrues under the [FTCA] would defeat Congress' intention to have a single statute of limitations govern all tort claims asserted against the United States."). As the government notes, the statutory scheme of the FTCA indicates a goal of uniformity, which would be disrupted by adherence to alternative state law procedural rules. *See Quinton v. United States*, 304 F.2d 234, 236 (5th Cir. 1962) (stating that, in enacting the FTCA two-year statute of limitations in 28 U.S.C. §2401(b), "Congress clearly and unmistakably manifested its intention to have a single statute of limitations govern all tort claims," such that "the FTCA claimant would have a fixed period of time within which to institute suit on his claim, regardless of where the acts giving rise to the liability occurred."); *see also Steele v. United States*, 599 F.2d 823, 826 (7th Cir. 1979) ("Congress, by enacting a two-year statute of limitations for tort claims against the government, clearly manifested its

intention to have a uniform rule defining when such claims become stale[.]"). As the government notes, requiring federal courts to look to divergent state procedural rules with respect to when the FTCA's limitations period is tolled would have incongruous results, even within the Circuit. Namely, where a praecipe would suffice for commencement in Pennsylvania, it would not in New Jersey, which requires filing of the complaint to commence an action. *See* N.J.Ct.R.4.2.

In *Chladek v. Sterns Transp. Co.*, 427 F.Supp. 270 (E.D.Pa. 1977), the court came to a similar result, holding that Pennsylvania's commencement provision was procedural and not an integral part of Pennsylvania's statute of limitations, given that it does not even refer to the statute of limitations. As a result, *Chladek* held that Fed.R.Civ.P.3, and not Pa.R.Civ.P.1007, governed the time of commencement of the action and, consequently, the diversity personal injury suit was barred by the applicable statute of limitations.

In other analogous contexts, the Third Circuit and the Supreme Court have required an "initial pleading" to be a complaint and not a summons and held that federal statutes, and not state tolling statues, determine whether an action is time-barred. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999) (requiring receipt of a complaint, which gives a defendant notice of "what the suit is about," to trigger the 30-day period of

removability); *Santos ex rel Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (holding "state-law tolling statutes do not apply to the FTCA's limitations period"); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (holding the thirty-day removal period under 28 U.S.C. §1444(b) is triggered by a complaint not a writ of summons); *Tyminski*, 481 F.2d at 263 (3d Cir. 1973) (holding Federal law applies in determining when a claim accrues under FTCA).[4]

Accordingly, the court is compelled to find that Fed.R.Civ.P.3 dictates when the plaintiffs' action was commenced for purposes of the FTCA and, because the Complaint was not filed until April 3, 2020, it was not commenced with the applicable two-year statute of limitations. 28 U.S.C. §2401(b). As a result, the court is constrained to hold that the present action is time-barred.

---

[4] Although other district courts of this Circuit have declined to follow *Cannon*, their disagreement appears to be attributable, at least in part, to the fact that those cases involved laws over which federal courts have concurrent or diversity jurisdiction. *See, e.g.*, *Vail*, 2002 WL 32172799 (concurrent jurisdiction involving ADA and ADEA claims); *Perry v. City of Philadelphia*, 99-cv-2989, 1999 WL 672640 (E.D.Pa. Aug.17, 1999) (concurrent jurisdiction involving eighth and fourteenth amendment claims). In contrast, here, the court's jurisdiction is not on the basis of diversity of citizenship since this is an FTCA action over which federal district courts have exclusive jurisdiction, 28 U.S.C. §1346(b).

Therefore, the government motion to dismiss, (Doc. 3), is **GRANTED** and the complaint, (Doc. 1-2), must be **DISMISSED WITH PREJUDICE**.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 8, 2021**
20-694-01